UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW STRICKLAND,<br><br>Plaintiff,<br><br>v.<br><br>TECHINT SOLUTIONS GROUP, LLC, et al.,<br><br>Defendants. | Civil Action No. 26-2444 (EGS) |

**FEDERAL DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

STANDARDS OF REVIEW....4

I. Rule 12(b)(1)....4

II. Rule 12(b)(6)....5

ARGUMENT....6

CONCLUSION....11

## TABLE OF AUTHORITIES

Page(s)

Cases

*Adams v. George W. Cochran & Co., Inc.*,
597 A. 2d 28 (D.C. 1991) ........ 9
*Am. Nat'l Ins. Co. v. FDIC*,
642 F.3d 1137 (D.C. Cir. 2011) ........ 4
*Art Metal–U.S.A., Inc. v. United States*,
753 F.2d 1151 (D.C. Cir. 1985) ........ 7
*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 5, 6
*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 5, 6
*Carlson v. Green*,
446 U.S. 14 (1980) ........ 7
*Elliott v. Healthcare Corp.*,
629 A. 2d 6 (D.C.1993) ........ 9
*Gen. Motors Corp. v. EPA*,
363 F.3d 442 (D.C. Cir. 2004) ........ 4
*Herbert v. Nat'l Acad. of Scis.*,
974 F.2d 192 (D.C. Cir. 1992) ........ 4
*Hoffman v. Hill & Knowlton, Inc.*,
777 F. Supp. 1003 (D.D.C. 1991) ........ 9
*Jerome Stevens Pharm., Inc. v. FDA*,
402 F.3d 1249 (D.C. Cir. 2005) ........ 4
*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ........ 4
*Kowalevica v. United States*,
302 F. Supp. 3d 68 (D.D.C. 2018) ........ 8, 9
*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ........ 4
*Magee v. Amer. Inst. Of Certified Pub. Accountants*,
245 F. Supp. 3d 106 (D.D.C. 2017) ........ 9
*Moore v. Hartment*,
102 F.Supp. 3d 35 (D.D.C. 2015) ........ 7
*Robinson v. Howard Univ., Inc.*,
335 F.Supp.3d 13 (D.D.C. 2018) ........ 9
*Shekoyan v. Sibley Int'l Corp.*,
217 F. Supp. 2d 59 (D.D.C. 2002) ........ 4
*Sloan v. Dep't of Housing & Urban Dev.*,
236 F.3d 756 (D.C.Cir.2001) ........ 7

*Smalls v. Emanuel,*
840 F. Supp. 2d 23 (D.D.C. 2012) ........ 8
*Smith v. Union Labor Life Ins. Co.*,
620 A. 2d 265 (D.C. 1993) ........ 9
*Smith v. United States*,
121 F. Supp. 3d 112 (D.D.C. 2015) ........ 9
*Tarpeh–Doe v. United States*,
28 F.3d 120 (D.C. Cir. 1994) ........ 7
*Thomas v. Principi*,
394 F.3d 970 (D.C. Cir. 2005) ........ 4
*Upshaw v. United States*,
669 F. Supp. 2d 32 (D.D.C. 2009) ........ 8
*Waldon v. Covington*,
415 A. 2d 1070 (D.C. 1980) ........ 9

Statutes

28 U.S.C. § 1346(b) ........ 8
28 U.S.C. § 2680(h) ........ 7, 8

Rules

Federal Rules of Civil Procedure 12(b)(1) ........ 1
Rule 12(b)(6) ........ 5

Defendant, the United States of America, by and through undersigned counsel, respectfully moves to dismiss the Federal Tort Claims Act ("FTCA") claim asserted against it in Plaintiff, Matthew Strickland's Amended Complaint ("Complaint"), ECF No. 25 ("Compl."), pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and (6).

## STANDARDS OF REVIEW

### I. Rule 12(b)(1).

Federal courts are courts of limited jurisdiction, *see Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004), and the law presumes that "a cause lies outside [the court's] limited jurisdiction" unless the plaintiff establishes otherwise, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In response to a motion to dismiss a complaint for lack of subject matter jurisdiction, a plaintiff must establish jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).

In evaluating a motion to dismiss under Rule 12(b)(1), the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting Plaintiff the benefit of all inferences that can be derived from the facts alleged[.]'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). In deciding whether to grant a motion to dismiss for lack of jurisdiction, a district court may consider materials outside the pleadings. *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

## II. <u>Rule 12(b)(6).</u>

Under Rule 12(b)(6), the court may dismiss all or part of a complaint which fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Here, too, the Court must accept as true the well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court need not, however, credit [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). If, therefore, the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the Court should dismiss the complaint under Rule 12(b)(6). *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. (8)(a), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citation omitted). Rule 12(b)(6) provides a vehicle for parties to challenge the sufficiency of a complaint on the ground that it "fail[s] to state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief

that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a complaint's well-pleaded facts do not enable a court, "draw[ing] on its judicial experience and common sense," "to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. The Complaint here fails to meet the above standards.

## ARGUMENT

According to the Amended Complaint, Plaintiff was employed by a private entity that was a subcontractor on a contract with the Department of Homeland Security ("DHS"). Am. Compl. ¶¶ 11-12. Plaintiff worked on DHS's Countering Weapons of Mass Destruction ("CWMD") contract. *Id.* ¶ 1. The prime contractor was a private company, Noblis. *Id.* ¶ 2.

Plaintiff alleges that DHS managers who oversaw work on the contract "professionally isolated him; stripped him of [Information and Analysis Directorate, "IAD"] responsibilities; demanded through Noblis that he account for his meetings, projects, and even his conversations, under a daily-reporting requirement imposed on no one else; and sought to surveil his work for the Assistant Secretary who had assigned it." *Id.* ¶ 59. Plaintiff alleges that this conduct was carried out by Noblis but was directed by and originated through DHS managers, identified as Steve Griffin and Carlos Joyner. *Id.* ¶¶ 75- 76. Plaintiff alleges that "[t]he tasking, reporting requirements, and oversight of contractor analysts in IAD were within Griffin's and Joyner's ordinary duties; they imposed the demands at issue through the channels of supervisory tasking and reporting they were employed to administer, during working hours at the DHS workplace, and actuated at least in part by a purpose to serve DHS's interest in supervising IAD contract work." *Id.* ¶ 77.

Plaintiff alleges that this conduct constituted intentional infliction of emotional distress on the part of the United States, and in Count II of the Amended Complaint, has asserted a claim against the United States for that alleged conduct under the FTCA. In asserting this narrow claim in the Amended Complaint, Plaintiff has attempted to plead around the government's sovereign immunity for tort claims arising from alleged misrepresentations and interference with contract. Am. Compl. ¶ 75; 28 U.S.C. § 2680(h).

But for the reasons set forth below, Plaintiff's attempt to plead an intentional infliction of emotional distress around these constraints necessarily fails. The FTCA waives the sovereign immunity of the United States with respect to "claims arising from certain torts committed by federal employees in the scope of their employment[.]" *Sloan v. Dep't of Housing & Urban Dev.*, 236 F.3d 756, 759 (D.C.Cir.2001) (citing 28 U.S.C. §§ 1346(b), 2674). "[T]he FTCA, by its terms, does not create new causes of action; rather, it makes the United States liable in accordance with applicable local tort law." *Art Metal–U.S.A., Inc. v. United States*, 753 F.2d 1151, 1157 (D.C. Cir. 1985) (citation omitted); *see also Tarpeh–Doe v. United States*, 28 F.3d 120, 123 (D.C. Cir. 1994) ("Tort liability under the FTCA is determined according to the law of the state where the alleged acts or omissions occurred." (citations omitted)).

Because the intentional infliction of emotional distress claim in the Amended Complaint allegedly arises from acts that occurred in Washington, D.C. (Am. Compl. ¶ 9), this Court must consult District of Columbia tort law when assessing Plaintiff's FTCA claim. *Moore v. Hartment*, 102 F.Supp. 3d 35, 64–65 (D.D.C. 2015). Furthermore, all defenses available under District of Columbia law with respect to Plaintiff's underlying claims for intentional infliction of emotional distress apply with equal force to his derivative FTCA claims against the United States. *Carlson v. Green*, 446 U.S. 14, 15 (1980) ("[A]n action under FTCA exists only if the State in which the

alleged misconduct occurred would permit a cause of action for that misconduct to go forward." (citing 28 U.S.C. § 1346(b)).

The gravamen of the FTCA claim is that the DHS managers (Joyner and Griffin) "imposed" on Plaintiff, "through Noblis, a reporting regime that culminated in a daily-reporting requirement imposed on no other analyst on the contract" and that this "went far beyond any legitimate supervisory need: it surveilled his work for the Assistant Secretary, burdened and demeaned him, and intruded on work the head of CWMD had assigned him." Am. Compl. ¶ 32. But this alleged conduct amounts to contractual interference over which the United States retains its sovereign immunity, 28 U.S.C. § 2680(h), and a plaintiff cannot circumvent that jurisdictional bar by using an intentional infliction of emotional distress label. *See Upshaw v. United States*, 669 F. Supp. 2d 32, 44 (D.D.C. 2009) (dismissing an intentional infliction of emotional distress claim brought under the FTCA because injury was caused by defamatory statements); *Smalls v. Emanuel,* 840 F. Supp. 2d 23, 34 (D.D.C. 2012) (explaining even if claims are not labeled as defamation or misrepresentation, claims arising from misstatements must be dismissed for lack of subject matter jurisdiction). Plaintiff's intentional infliction of emotional distress claim should be dismissed for this reason alone.

In addition, Plaintiff has failed to plausibly plead an intentional infliction of emotional distress claim. To successfully plead such a claim, Plaintiff must allege "1) extreme and outrageous conduct on the part of the defendant which 2) either intentionally or recklessly 3) causes the plaintiff severe emotional distress." *Kowalevica v. United States*, 302 F. Supp. 3d 68, 75 (D.D.C. 2018). "Liability will not be imposed for mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* The conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious,

and utterly intolerable in a civilized community.'" *Id.* "Whether the conduct complained of is sufficiently outrageous is a question of law that should be decided by the court on a motion to dismiss." *Smith v. United States*, 121 F. Supp. 3d 112, 124 (D.D.C. 2015).

Plaintiff has failed to plead facts sufficiently "outrageous" to state a plausible IIED claim. The pleading threshold is demanding, particularly in an employment context. For example, in *Magee v. Amer. Inst. Of Certified Pub. Accountants*, 245 F. Supp. 3d 106 (D.D.C. 2017), the plaintiff's employer investigated him for over ten years, threatened the plaintiff with 'gestapo-like tactics,' and the plaintiff spent significant time and money to resolve ethics committee requests. The court held that plaintiff's claims failed because the conduct was not sufficiently extreme or outrageous to state a claim. *Id.* at 117; *see also Robinson v. Howard Univ., Inc.*, 335 F.Supp.3d 13, 30 (D.D.C. 2018) (finding a personnel investigation that was biased and openly hostile did not rise to the necessary level of outrageous and extreme); *Adams v. George W. Cochran & Co., Inc.*, 597 A. 2d 28, 35 (D.C. 1991) (concluding that under particular circumstances, it was not extreme and outrageous to dismiss employee for refusing to disobey law by driving truck without proper inspection sticker); *Waldon v. Covington*, 415 A. 2d 1070, 1077–78 (D.C. 1980) (finding conduct not outrageous when employer refused to give employee-professor keys to laboratory and notice of departmental meetings, threatened to begin actions to test competency with aim to terminate, and assigned employee classes outside specialty knowing it would cause difficulty and embarrassment); *Hoffman v. Hill & Knowlton, Inc.*, 777 F. Supp. 1003, 1005 (D.D.C. 1991) (finding conduct not outrageous when employer intentionally interfered with employee's ability to do job, stated false, pretextual reasons for dismissing an employee knowing it would be communicated to others, and dismissed employee); *see also Elliott v. Healthcare Corp.*, 629 A. 2d 6 (D.C.1993); *Smith v. Union Labor Life Ins. Co.*, 620 A. 2d 265 (D.C. 1993).

Plaintiff's allegations fall far short of this threshold, asserting no more than that DHS managers were overly intrusive regarding Plaintiff's work as a subcontractor. As such, Plaintiff has not pointed to any facts or legal theory to support the claims or the grounds for this Court's jurisdiction. Accordingly, the FTCA claim in Count II should be dismissed and the United States dismissed as a party to this action.

* * *

## CONCLUSION

For the foregoing reasons, the FTCA claim should be dismissed and the United States should be dismissed as a party to this action.

Dated: November 23, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Fithawi Berhane*
FITHAWI BERHANE
Assistant United States Attorney
U.S. Attorney's Office
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-6653
Fithawi.Berhane@usdoj.gov

*Counsel for the United States of America*